IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RONALD R. WALLS, SR.,**

    **Plaintiff,**

v.                                        **CASE NO. 2:09-cv-01006**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Ronald Walls (hereinafter referred to as "Claimant"), protectively filed an application for DIB on July 26, 2006, alleging disability as of August 1, 2001,[1] due to bipolar disorder, panic attacks, back, right shoulder and neck injury, depression, insomnia and gout in both feet.  (Tr. at 13, 103-04,

---

[1] At the administrative hearing, Claimant amended his alleged onset date to April 6, 2006.  (Tr. at 28.)

152.) The claim was denied initially and upon reconsideration. (Tr. at 63-67, 77-79.) Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 80.) The hearing was held on January 25, 2008, before the Honorable James P. Toschi. (Tr. at 26-59.) By decision dated February 26, 2008, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 13-25.) The ALJ's decision became the final decision of the Commissioner on July 28, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4.) On September 14, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2008). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2008).  The Commissioner must show two things:  (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in

3

substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of lumbar facet syndrome, cervical facet syndrome, right shoulder impingement, bipolar disorder and substance addiction (drug and alcohol). (Tr. at 15.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 18.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 19.) As a result, Claimant cannot return to his past relevant work. (Tr. at 23.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as housekeeping/cleaner, office clerk, and mail clerk, which exist in significant numbers in the national economy. (Tr. at 24-25.) On this basis, benefits were denied. (Tr. at 25.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

4

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was forty-nine years old on the date of his alleged onset and fifty-one years old at the time of the administrative hearing. (Tr. at 33.) Claimant completed the ninth grade and attained his GED. (Tr. at 32.) In the past, he worked as a grave digger. (Tr. at 32.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred in

rejecting the opinion of Dr. Guberman and in failing to follow Social Security Ruling ("SSR") 96-5p; (2) the ALJ erred in rejecting Dr. Bickham's opinion; and (3) the ALJ erred in complying with SSR 00-4p when he failed to determine whether the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Pl.'s Br. at 1-14; Pl.'s Reply at 1-4.)

The Commissioner argues that (1) substantial evidence supports the ALJ's finding that a significant number of jobs existed in the national economy that Claimant could perform; and (2) substantial evidence supports the ALJ's assessment of the opinion evidence from treating and examining physicians. (Def.'s Br. at 11-18.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence because the ALJ did not comply with SSR 00-4p when there was a potential conflict between the DOT and the vocational expert's testimony.

In his decision, the ALJ limited the Claimant to light work, further reduced by an ability to only occasionally push/pull with his right upper extremity; an inability to climb ladders, ropes, or scaffolds and to balance; an occasional ability to climb ramps and stairs, stoop, kneel, crouch and crawl; an occasional ability to reach in all directions (including overhead) with the right upper extremity; a need to avoid all exposure to hazards (moving machinery, heights, etc.); a need to avoid concentrated exposure to

extreme cold, extreme heat and vibration; a limited ability to understand, remember and carry out simple instructions only; and a need for jobs requiring low stress, a low production environment and occasional contact with the public. (Tr. at 19.)

At the administrative hearing, the vocational expert, in response to a hypothetical question including the above limitations, identified the jobs of office helper (DOT Number 239.567-010), mail clerk (DOT Number 209.687-026), and housekeeping/cleaner (DOT Number 323.687-014). (Tr. at 49-50.) The ALJ did not explicitly ask the vocational expert at the administrative hearing if her testimony was consistent with the DOT.

In his decision, the ALJ found that Claimant could perform these jobs and stated that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the [DOT]." (Tr. at 25.)

SSR 00-4p's purpose clarifies the Commissioner's standards for the use of vocational experts who provide evidence at hearings before ALJs. The ruling emphasizes that an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by" vocational experts and information in the DOT. SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). To that end, SSR 00-4p states that

> [w]hen a [vocational expert ("VE")] or [vocational source ("VS")] provides evidence about the requirements of a job

7

>       or occupation, the adjudicator has an affirmative
>       responsibility to ask about any possible conflict between
>       that VE or VS evidence and information provided in the
>       DOT. In these situations, the adjudicator will:  Ask the
>       VE or VS if the evidence he or she has provided conflicts
>       with information provided in the DOT; and
>       If the VE's or VS's evidence appears to conflict with the
>       DOT, the adjudicator will obtain a reasonable explanation
>       for the apparent conflict.

Id. Our Court of Appeals has not published a decision on the issue of whether remand is necessary where an ALJ fails to make the first inquiry required by SSR 00-4p; i.e., whether there is a conflict between the DOT and vocational expert testimony. Generally, this court has decided cases in the past where the ALJ has not asked about a conflict, but, in fact, there was none. In those cases, the court has often determined that such an error was harmless. That is not the scenario before the court in the instant matter.

The ALJ did not ask about any potential conflict between the vocational expert's testimony and the DOT as the plain language of SSR 00-4p requires. This becomes problematic in this case because the jobs identified by the vocational expert all require frequent reaching, whereas Claimant was limited to occasional reaching in all directions with the right upper extremity. U.S. Department of Labor, Dictionary of Occupational Titles, §§ 239.567-010, 209.687-026, 323.687-014 (4th ed. 1991); (Tr. at 19).  This certainly suggests a conflict between the DOT and the vocational expert's testimony, but because she was not questioned about it at the administrative hearing, the ALJ was not made aware of it, and did

not have an opportunity to resolve any conflict.

The Commissioner relies on Sawyer v. Apfel, 166 F.3d 1210 (Table), 1998 WL 830653 (4th Cir. Dec. 2, 1998), for the proposition that "[e]ven the Fourth Circuit has held (in an Unpublished Opinion) that, since Agency regulations do not require an ALJ to rely on DOT job classifications, a vocational expert's testimony is substantial evidence that the ALJ may rely upon, even when that testimony actually conflicts with the DOT (here, the VE's testimony does not conflict with the DOT or [the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles] ["]SCO["].)" (Def.'s Br. at 12.) In Sawyer, the claimant argued that she could not perform the jobs identified by the vocational expert as they were described in the DOT. The court found that the Social Security regulations do not require that the Secretary, now Commissioner, rely on classifications in the DOT. Id. at 1998 WL 830653, at *1. Indeed, consistent with Sawyer, pursuant to SSR 00-4p, which was promulgated after Sawyer, the ALJ need not rely on the classifications in the DOT to the exclusion of vocational expert testimony. However, in keeping with SSR 00-4p, the ALJ must ask about a conflict between the two and, when there is a conflict, the ALJ must resolve such a conflict. The ALJ did neither.

The Commissioner suggests that the language of SSR 00-4p places an affirmative responsibility on the ALJ "to ask about any

9

**possible** conflict 'when a VE ... provides evidence about **the requirements of a job or occupation[']** (emphasis supplied) 2000 WL 1898704, at 2." (Def.'s Br. at 12.) According to the Commissioner, "[h]ere, the ALJ had no reason to ask about a possible conflict, since the VE did not provide evidence about the requirements of the jobs or occupations that she identified in response to the ALJ's hypothetical." (Def.'s Br. at 13.) The undersigned disagrees. The vocational expert, in response to questions by Claimant's attorney, did provide evidence about the requirements of the jobs she identified. (Tr. at 51-57.)

Furthermore, the Commissioner's argument that there is no apparent conflict between the vocational expert testimony and the DOT because "[n]either the DOT nor SCO contain any requirement that the use of both arms is required for jobs requiring reaching, handling, fingering, or dexterity" is unconvincing. (Def.'s Br. at 14.) The Commissioner relies upon definitions within the SCO as well as the cases of Diehl v. Barnhart, 357 F. Supp.2d 804, 822-23 (E.D. Pa. 2005), Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) and Feibusch v. Astrue, Civ. No. 07-00244 BMK, 2008 WL 583554, at *5 (D. Haw. Mar. 4, 2008).

Carey was decided prior to SSR 00-4p. In Carey, the claimant had use of only one arm and the vocational expert specifically testified that the jobs of cashier and ticket seller could be performed with the use of only one arm and hand. Carey, 230 F.3d

10

at 146. At the hearing in the instant matter, Claimant's counsel asked the vocational expert about whether Claimant could perform the jobs of mail clerk and janitor because of his right shoulder limitations, but the vocational expert did not mention limitations in reaching and whether they were affected. (Tr. at 51, 54.)

Finally, in Diehl, the court found that "[t]he fact that a job requires reaching, handling, or fingering does not necessarily mean that Plaintiff is incapable of performing that job since in some cases he may be able to satisfy the requirements of the job by reaching, handling, or fingering with his left hand with occasional assistance from his right hand. In this context then, the Court concludes that no material conflict exists between the DOT and the VE evidence ...." Diehl, 357 F. Supp.2d at 822. Similarly, in Feibusch the court interpreted definitions contained in the SCO for reaching and handling and concluded that "one may reach and handle with one arm, or one may reach and handle with both arms, but that the use of two arms is not necessarily required for jobs that require reaching and handling." Feibusch, 2008 WL 583554, at *5 (citing Carey, 230 F.3d at 146, Diehl, 357 F. Supp.2d at 822).

It may be that Claimant can perform the jobs which require reaching with his nondominant left hand, but to so find is to engage in unwarranted speculation. This is a determination that should be made by the ALJ based on vocational or other expert testimony. Because of the failure to ask the vocational expert if

11

there was a conflict between the vocational expert's testimony and the DOT, and the appearance of a conflict, the court is constrained to recommend remand.

The court makes no recommendation about the remaining issues raised by Claimant, as they can be addressed on remand.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

December 20, 2010
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge